a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOHN ANTHONY TAYLOR, III, Petitioner | CIVIL ACTION NO. 1:18-CV-793-P |
| VERSUS | JUDGE DRELL |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner John Anthony Taylor, III ("Taylor") (#26788-034). Taylor is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Taylor challenges the legality of his sentence.

Because Taylor cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, his petition should be dismissed for lack of jurisdiction.

I.   Background

Taylor was convicted of one count of armed bank robbery in violation of 18 U.S.C. § 2113(d), two counts of bank robbery in violation of § 2113(a), two counts of using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(C)(i), and one count of using, carrying, and brandishing a firearm during a crime of violence in violation of § 924(c)(1)(A)(ii). In re: John Anthony Taylor, No. 16-20588 (5th Cir. 11/22/16) (unpublished). Taylor's conviction was affirmed on appeal.

United States v. Taylor, 248 F.3d 1139 (5th Cir. 2001), cert. denied, 532 U.S. 913 (2001).

Taylor filed motions to vacate under 28 U.S.C. § 2255, which were denied. (4:99-cr-553, S.D. Tex., Docs. 111, 115, 126, 130).

Taylor sought authorization from the United States Court of Appeals for the Fifth Circuit to file a successive motion under § 2255. Taylor argued that "his convictions and sentences under § 924(c) were unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015), because § 924(c) defines crime of violence in terms similar to the residual clause of § 924(e) that was found unconstitutionally vague in Johnson." In re: John Anthony Taylor, No. 16-20588 (5th Cir. 11/22/16) (unpublished). Taylor also sought to challenge the consecutive nature of his sentences in light of United States v. Holloway, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). Id. The Fifth Circuit denied authorization. Id.

In his § 2241 motion before this Court, Taylor claims that he is entitled to relief under Sessions v. Dimaya, 138 S. Ct. 1204 (2018), which Taylor claims expanded the holding of Johnson by finding that 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Taylor concludes that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c)(3)(B) is also unconstitutional. (Doc. 1, p. 7).

II.   Law and Analysis

    A.   Taylor cannot meet the requirements of the savings clause.

Taylor seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

To state a claim under the savings clause, a petitioner must show that the claim is based on a retroactively applicable Supreme Court decision that establishes the petitioner may have been convicted of a nonexistent offense, and the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001).

In Johnson, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), which defined a "violent felony" as one involving "conduct that presents a serious potential risk of physical injury to another." Johnson, 135 S. Ct. at 2563.

Taylor claims that Johnson was expanded by Dimaya. In Dimaya, the Supreme Court held that the definition of "crime of violence" in 18 U.S.C. § 16(b), as

incorporated in the Immigration and Nationality Act, is unconstitutionally vague. Dimaya, 138 S. Ct. at 1210. Taylor concludes that, because § 924(c)(3)(B) is "materially identical" to the crime of violence definition under § 16(b), then § 924(c)(3)(B) is also unconstitutional. (Doc. 1, p. 7).

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). Section 924(c)(3) defines the term "crime of violence" as:

an offense that is a felony and—

(A) has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause, § 924(c)(3)(A), is referred to as the "force clause." The second clause, § 924(c)(3)(B), is referred to as the "residual clause."

First, the Fifth Circuit has held that, even in light of Johnson, the definition of "crime of violence" under § 924(c) is not constitutionally vague. See United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017). Second, the Fifth Circuit has held that, even after Dimaya, "Section 924(c)(3)(B) remains valid." United States v. Williams, 16-20815, 2018 WL 3621979, at *2 (5th Cir. July 30, 2018) (if § 924(c)(3)(B) is ultimately held to be unconstitutional, that finding may open the door to future collateral challenges to sentences rendered under that statute).

Additionally, "federal bank robbery under 18 U.S.C. § 2113(a) categorically qualifies as a crime of violence under U.S.S.G. § 4B1.2(a)(1)." Massenburg v. Stancil,

729 F. App'x 339, 340 (5th Cir. 2018) (citing United States v. Brewer, 848 F.3d 711, 715-16 (5th Cir. 2017)). "Because § 4B1.2(a)(1) defines crime of violence 'in exactly the same manner as § 924(c)(3)(A),' United States v. Jones, 854 F.3d 737, 740 (5th Cir. 2017), Brewer necessarily dictates that federal bank robbery is also categorically a crime of violence for the purposes of a § 924(c)(1) conviction." Id.; see also United States v. Cadena, 728 F. App'x 381 (5th Cir. 2018) ("We have held that bank robbery, as defined under § 2113(a), qualifies as a crime of violence because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force.") (citing Brewer, 828 F.3d at 714-16).

Thus, even if Taylor could show that § 924(c)(3)(B) was vague, he cannot show that he was sentenced under that residual clause, as opposed to the force clause of § 924(c)(3)(A). Regardless, Taylor has not identified a retroactively applicable Supreme Court decision that establishes he may have been convicted of a nonexistent offense.

### III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Taylor's § 2241 petition be **DISMISSED without prejudice** for lack of jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of

the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of August, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge